# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RASHAUNDA FARMER AND DIANE ESON,

        Plaintiffs,

vs.

MGM GRAND HOTEL, LLC, d/b/a MGM GRAND HOTEL, CASINO AND THEME PARK,

        Defendants.

Case No. 2:13-cv-00686-GMN-GWF

**ORDER**

        This matter is before the Court on Plaintiffs' Motion to Extend the Discovery Deadline Date (#35), filed on March 18, 2014. Defendants filed their Response to Plaintiffs' Motion (#42) on March 26, 2014. Plaintiffs filed their Reply (#45) on April 4, 2014. The Court conducted hearings in this matter on March 28, 2014 and on May 7, 2014.

## BACKGROUND AND DISCUSSION

        The scheduling order entered in this case on September 5, 2013 set a discovery cut-off date of January 6, 2014. On January 8, 2014, the Court entered an order granting the parties' stipulation to extend the discovery deadlines by 90 days. The new discovery cut-off date was April 6, 2014. *Order on Stipulation (#32)*. Plaintiffs scheduled the depositions of Defendants' personnel in Las Vegas on March 17, 2014. A great deal of confusion and conflict occurred between the parties' counsel arising out of these depositions, including the fact that Plaintiffs attempted to have some of the depositions conducted by a Texas attorney who is not admitted to practice in this action, and whom Defendants' counsel determined had been subject to bar disciplinary proceedings in that state. After Defendants refused to permit this lawyer to conduct further depositions, Plaintiffs' pro hac vice counsel allegedly refused to proceed with certain scheduled depositions. Plaintiffs'

counsel counters that Defendants failed to produce for deposition the security officers who were actually involved or potentially involved in the incident that is the subject of this action. During the depositions that were taken, Plaintiffs' counsel learned that the security officers allegedly involved in the incident were employed by an entity that had not previously been disclosed to them. Defendants argue that the confusion resulted from Plaintiffs' failure to diligently conduct discovery and that they should not be rewarded with a further extension of the discovery deadlines. It would take the Court several additional pages to sort through the parties' back-and-forth allegations against one another.

Plaintiffs allege that they and other African American adults were prevented from entering the MGM Grand Hotel pool facility known as "Wet Republic" on the afternoon of April 22, 2012 based on their race. It is unclear whether Defendants admit or deny that Plaintiffs or other African American individuals were barred from the pool facility on that date. To the extent such individuals were barred from entering the pool area, Defendants presumably contend that such action was taken for lawful and proper reasons and not because of the individuals' race. Plaintiffs' counsel alleges that she has now been able to identify three security guards who were on duty at the Wet Republic pool at or about the time of the alleged incident. Defendants' counsel has also indicated that Defendants have either produced to Plaintiffs or have in their possession, custody and control security officer log notes which would indicate whether certain individuals were barred from entering the pool and the reasons therefor.

The Court will extend discovery 30 days from the date of this order to permit the following limited discovery: Plaintiffs may depose the three security officers whom they have identified were on duty at or about the time of the alleged incident. To the extent that Defendants have not already produced the security log records for April 22, 2012 that may contain information relevant to whether Plaintiffs or other African American adults were barred from entering the Wet Republic pool, such records shall be promptly produced so that they are available to Plaintiffs' counsel prior to the scheduled depositions. Plaintiffs have not established good cause for any further extension of the discovery deadline or for conducting other discovery. Accordingly,

. . .

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Extend the Discovery Deadline Date (#35) is **granted** as follows:  Discovery is extended or reopened through **June 23, 2014** to conduct the discovery authorized above.

**IT IS FURTHER ORDERED** the following discovery plan and scheduling order dates shall apply:

1. Last date to file dispositive motions: **July 23, 2014**
2. Last date to file joint pretrial order: **August 22, 2014**

DATED this 22nd day of May, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge