# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RASHAUNDA FARMER AND DIANE ESON,

    Plaintiffs,

vs.

MGM GRAND HOTEL, LLC, d/b/a MGM GRAND HOTEL, CASINO AND THEME PARK,

    Defendants.

Case No. 2:13-cv-00686-GMN-GWF

**ORDER**

This matter is before the Court on Plaintiffs' Motion for Leave to Amend Complaint (#40), filed on March 24, 2014. Defendants filed their Response (#48) on April 10, 2014. Plaintiffs filed their Reply (#50) on April 21, 2014. The Court conducted a hearing in this matter on May 7, 2014.

## BACKGROUND AND DISCUSSION

Plaintiffs Rashaunda Farmer and Diane Eason are African American adult females. Plaintiffs allege that on April 22, 2012, they were guests at the MGM Grand Hotel in Las Vegas, Nevada. Their hotel accommodations included access and use of the MGM hotel pool facility known as the "Wet Republic." Plaintiffs allege that on April 22, 2012 they went to the Wet Republic pool area and got into the line for VIP guests to attend a pool party that was open to hotel guests and the public. While waiting in the VIP line to enter the pool area, Plaintiffs observed a group of African American adult males being removed from the VIP line by security officers and then not permitted to enter the pool area. Plaintiffs allege that they were also approached by security officers who removed them from the VIP line and told them they were not permitted to enter the pool area. Plaintiffs allege that the security officers provided no explanation for their removal, other than it was done at the direction of management. Plaintiffs allege that after they

were removed from the VIP line, only white guests remained in the VIP and public lines waiting to get into the Wet Republic pool area. Plaintiffs allege that the conduct of the security officers violated their civil rights not to be subjected to discrimination on the basis of their race.

Plaintiffs originally brought this lawsuit against Defendant MGM Grand Hotel, LLC d/b/a MGM Grand Hotel, Casino and Theme Park. *Complaint (#1)*. On November 18, 2013, the parties stipulated to amend the Complaint to add Lion Bar, LLC as a defendant in this action. The order was granted on November 19, 2013, and Plaintiffs filed their Amended Complaint that same day. *See Docket Nos. 21, 22* and *23*. Lion Bar LLC's joinder as a defendant was based on its agreement with MGM Grand Hotel, LLC to manage and operate the Wet Republic facility. *Defendant's Response (#48), Exhibit F, Wet Republic Management Agreement.* Pursuant to this agreement, Lion Bar LLC was responsible for providing security officers within the Wet Republic facility. It has since been determined that the security officers who work in the Wet Republic facility are actually employed by FDR Management, LLC, a Nevada limited liability company, which does business as Angel Management Group. Defendants' counsel informed the Court that there is a written employment agreement between FDR Management, LLC and Lion Bar LLC pursuant to which the security officers work at the Wet Republic facility.

Plaintiffs brought their instant Motion for Leave to Amend Complaint (#40) to add as a defendant the entity that employed the security officers who worked in the Wet Republic pool facility on April 22, 2012. At the time they filed their motion, Plaintiffs mistakenly believed that the employer was "AMG Entertainment Group, LLC." As indicated above, however, the employer of the security guards is FDR Management, LLC. Plaintiffs therefore request leave to amend their complaint to add FDR Management, LLC as a defendant.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *McKinney v. Sands Expo & Convention Center, Inc.*, 2014 WL 357697, *2 (D.Nev. 2014), citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227,

9 L.Ed.2d 222 (1962).  Where a party seeks to amend a pleading after the pretrial scheduling order's deadline for amending the pleadings has expired, however, the moving party must satisfy the more stringent "good cause" standard under Rule 16(b), and not the more liberal standard under Rule 15. *Montes v. Bank of America*, 2014 WL 1340232, *2 (D.Nev. 2014), citing *AmerisourceBergen Corp. v. Dialysist West, Inc.,* 465 F.3d 946, 952 (9th Cir. 2006) and *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607–08 (9th Cir. 1992) (noting once a district court files a pretrial scheduling order under Federal Rule of Civil Procedure 16 establishing a timetable for amending pleadings, that rule's standards control).

The deadline for amendment of pleadings in this action was October 10, 2013. *See Scheduling Order (#20).*  Defendants oppose Plaintiffs' motion to amend on the ground that Plaintiffs did not pursue deposition discovery until shortly before discovery expired on April 6, 2014 and, therefore, cannot demonstrate good cause for not having discovered the identity of the security guards' employer prior to the deadline for amending pleadings.  While there is some merit in Defendants' argument, there is nothing to indicate that Plaintiffs were placed on notice that the security officers were employed by an entity other than the operator of Wet Republic--Lion Bar LLC.  Allowing Plaintiffs to amend their complaint to join the entity that actually employed the security officers will not cause any significant delay or otherwise prejudice the Defendants or FDR Management, LLC.  The Court therefore finds that Plaintiffs have satisfied the good cause standard of Rule 16.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to Amend Complaint (#40) is **granted** as follows:  Plaintiffs are permitted to file a Second Amended Complaint adding FDR Management, LLC as a defendant in this action, in its capacity as the employer of the security officers whose conduct is at issue in this lawsuit.  Plaintiffs are directed to promptly file and serve a revised Second Amended Complaint in conformance with this order.

DATED this 22nd day of May, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge